IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$8,980.00 IN UNITED STATES CURRENCY,<br><br>    Defendant. | Civil Action No. 24-1104 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America by and through its counsel, Eric G. Olshan, Acting United States Attorney for the Western District of Pennsylvania, and Jill L. Locnikar, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of $8,980.00 in United States currency, further described at asset identification number 21-DEA-712027 (the "Defendant Property"), pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a).  Venue is proper under 28 U.S.C. § 1395 and § 1355(b).

3. On April 5, 2021, an officer of the Monroeville Police Department seized the Defendant Property from Darryl Isaacs ("Isaacs") following a traffic stop on Route 22 in Monroeville.

4. The Monroeville Police Department held the Defendant Property as evidence until it was recently transferred via the Drug Enforcement Administration ("DEA"), following a federal

criminal case against Isaacs. The Defendant Property remains in the Western District of Pennsylvania in the custody of the United States Marshals Service.

5. The Monroeville officer made the traffic stop on a gray Nissan Altima bearing PA registration LFA7371, VIN 1N4AL11D65C294597 (the "Nissan"), registered to Darryl Isaacs ("Isaacs") after observing the Nissan make an erratic lane change on Route 22, Monroeville, Pennsylvania, nearly causing a collision. At the time of the stop, Isaacs was seated on the passenger side of the Nissan. The officer questioned the driver and Isaacs separately regarding their personal identification and where they were going. Both Isaacs and the driver appeared extremely nervous and gave conflicting stories as to where they had been and where they were going. When asked if there was anything illegal in the vehicle, Isaacs initially stated there was not, but then said there might be a little bit of marijuana, not properly packaged, but that he had a medical marijuana card.

6. The officer then asked Isaacs for consent to search the Nissan. Isaacs refused, and the officer requested a K-9 check. The K-9 alerted to the presence of a controlled substance, after which the officer obtained a state search warrant for the Nissan.

7. While executing the search warrant, officers found the Defendant Property and three pounds of marijuana in the Nissan's trunk.

8. Isaacs became the subject of a federal criminal investigation (the "Investigation") conducted by the DEA for violations of 21 U.S.C. § 846. The Investigation revealed that Isaacs and others unlawfully sold and distributed methamphetamine, cocaine and marijuana, generating thousands of dollars of illegal drug proceeds.

9. On August 24, 2021, a Grand Jury in the Western District of Pennsylvania handed down a Six-Count Indictment against Isaacs and others at Criminal No. 21-355, United States v.

Derek Hillebrand, et al. The Indictment is attached as Exhibit A. On September 1, 2022, Isaacs pled guilty to a lesser included offense at Count One of the Indictment at Criminal No 21-355.

10. The Investigation revealed that the Defendant Property represents proceeds generated from the illegal distribution of methamphetamine, cocaine and/or marijuana in violation of 21 U.S.C. § 846, and, therefore, is forfeitable to the United States pursuant to 21 U.S. C. § 881(a)(6).

11. Issacs, through his attorney, has consented to forfeiture of the Defendant Property.

12. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(6), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

      ERIC G. OLSHAN
      United States Attorney

      */s/ Jill L. Locnikar*
      Assistant U.S. Attorney
      700 Grant Street, Suite 4000
      Pittsburgh, PA 15219
      412-894-7429
      412-644-4995 (fax)
      jill.locnikar@usdoj.gov
      PA ID No. 85892 (AFF)

## VERIFICATION

I am a Special Agent of the Drug Enforcement Administration, Department of Justice, and the case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture, and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 1 day of August, 2024.

_____
AUSTIN J. HOGAN, Special Agent
Drug Enforcement Administration